MEMORANDUM **
Merced Hermelinda Tapia appeals from the 46-month sentence imposed following her guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Tapia contends that the district court erred by failing to grant an additional one-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3El.l(b). The district court did not clearly err by declining to grant the reduction. See United States v. Espinoza-Cano, 456 F.3d 1126, 1138 (9th Cir.2006).
Tapia also contends that the district court erred by foreclosing its consideration of downward departures based on the fact that she did not plead guilty pursuant to a plea agreement. We conclude that the district court did not procedurally err, and that the sentence is substantively reasonable. See Gall v. United States, — U.S. -, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007); cf. United States v. Reina-Rodriguez, 468 F.3d 1147, 1158-59 (9th Cir.2006), overruled on other grounds by United States v. Grisel, 488 F.3d 844, 851 n. 5 (9th Cir.2007) (holding that the district court’s consideration of whether the defendant pled guilty pursuant to a plea agree *175 ment did not render the sentence unreasonable).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.